# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-50V

|  |  |
|---|---|
| SCOTT BARBER, <br><br>                 Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | Chief Special Master Corcoran <br><br> Filed: November 8, 2023 |

*Howard Scott Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 18, 2022, Scott Barber filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as the result of an influenza ("flu") vaccine administered to him on December 18, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 14, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On November 3, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $242,280.55, which amount includes $200,000.00 for pain and suffering, $36,746.18 in lost earnings, and $5,534.37 for past unreimbursed expenses. Proffer at 1. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $242,280.55 (which amount includes $200,000.00 for pain and suffering, $36,746.18 in lost earnings, and $5,534.37 for past unreimbursed expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**  
Brian H. Corcoran  
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SCOTT BARBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 22-50V **(ECF)** |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF DAMAGES**

On April 11, 2023, respondent, the Secretary of Health and Human Services, filed his Rule 4(c) Report conceding entitlement to compensation in this matter alleging a Table injury of Guillain-Barré syndrome following an influenza vaccination. ECF Doc. 22. On April 14, 2023, the Court entered its Ruling on Entitlement, finding petitioner Scott Barber entitled to Vaccine Act compensation. ECF Doc. 23. Respondent now proffers that petitioner receive a compensation award consisting of a lump sum of **$242,280.55**, which amount includes $200,000.00 for pain and suffering, $36,746.18 in lost earnings, and $5,534.37 for past unreimbursed expenses, in the form of a check payable to petitioner, Scott Barber.[1] This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[2]

---

[1] Petitioner is a competent adult. No guardianship is required.

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

Petitioner agrees with the proffered award of $242,280.55.[3]

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Principal Deputy Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Director
                        Torts Branch, Civil Division

                        HEATHER L. PEARLMAN
                        Deputy Director
                        Torts Branch, Civil Division

                        DARRYL R. WISHARD
                        Assistant Director
                        Torts Branch, Civil Division

                        <u>s/Voris E. Johnson, Jr.</u>
                        VORIS E. JOHNSON, JR.
                        Senior Trial Attorney
                        Torts Branch, Civil Division
                        U. S. Department of Justice
                        P.O. Box 146, Benjamin Franklin Station
                        Washington, D.C. 20044-0146
                        Direct Dial: 202-616-3667
                        Email: Voris.Johnson@usdoj.gov

Date:   November 3, 2023

---

[3] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).